IN RE GATES.

*March 21—April 17, 1903.*

*Supreme court: Supervisory power: Prohibition.*

A writ of prohibition will not be issued by this court to prevent a circuit court from entering an order or judgment within its jurisdiction and reviewable on appeal.

APPLICATION for a writ of prohibition. *Denied.*

The petition makes to appear that in a suit upon two promissory notes of $5,000 each, brought by Brown & Riley against the applicant, a special verdict was rendered in the superior court of Milwaukee county, finding that the notes were executed and delivered as security merely for the payment by the defendant to the plaintiffs of whatever sum he might realize upon his one-sixth interest in a certain purchase of lands, up to the amount of the notes. Various motions were made by the plaintiffs to change the verdict and by the defendant to set it aside, all of which were denied, whereupon motion was made by the defendant for judgment abating the action, and by plaintiffs for judgment for the amount of the notes. The court, after hearing the various parties and examining drafts of orders indicating the form of judgment claimed by the various parties, announced that

he would sign an order directing the entry of judgment in favor of the plaintiffs for the amount of the notes and interest, containing provision to the effect that all moneys collected thereon shall be received and held by the plaintiffs as security for indebtedness from the defendant for such sum as he shall ultimately realize on the one-sixth interest in said lands.   The applicant sets out certain elements of hardship resulting to him in the interval necessary to review upon appeal any judgment in pursuance of said order, and prays writ of prohibition against the signing of said order or entry of judgment in accord therewith.

*Rublee A. Cole,* for the petitioner.

PER CURIAM.   The order and judgment, which, according to the petition, the superior court intends to make, are entirely within its jurisdiction.   If erroneous, they will be promptly reviewable on appeal from the judgment.   Hence no justification appears for the exercise of the superintending and supervisory power of this court.   *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158.

Application denied.